UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLOBAL TAP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:16-cv-04395 |
| CANTWELL & CANTWELL, | ) | |
| | ) | |
| Defendant. | ) | Judge Jorge L. Alonso |
| ---------------------------------------------------- | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| CANTWELL & CANTWELL, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLAISE & NITSCHKE, PC, HEATHER L. | ) | |
| BLAISE, and THOMAS J. NITSCHKE, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## THIRD PARTY DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSE TO THIRD PARTY COMPLAINT

NOW COME, the Third-Party Defendants, BLAISE & NITSCHKE, P.C.; HEATHER L. BLAISE; and THOMAS J. NITSCHKE, by and through their attorneys, ANDERSON LAW OFFICES, PC, and, for their Answer and Affirmative Defense to the Third-Party Complaint state as follows:

### The Parties

1. GlobalTap, LLC ("GlobalTap") is a Michigan LLC whose sole member and manager, Daniel Whitman, alleges in his Complaint that he is a citizen of Michigan.

   **ANSWER:** **Admit.**

1

2.  C&C is an Illinois sole proprietorship.

    **ANSWER:**    **Admit.**

3.  Blaise & Nitschke is an Illinois professional corporation.

    **ANSWER:**    **Admit.**

4.  Heather Blaise is a citizen of the state of Illinois.

    **ANSWER:**    **Admit.**

5.  Thomas J. Nitschke is a citizen of the state of Wisconsin.

    **ANSWER:**    **Admit.**

4(sic).    Pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship between the parties because the plaintiff is a citizen of Michigan and the defendants are either Illinois or Wisconsin citizens, and GlobalTap has claimed the matter in dispute to be over the $75,000 jurisdictional threshold of this Court.

    **ANSWER:**    **Admit.**

<u>Background Facts</u>

5.  On July 25, 2013 GlobalTap filed a lawsuit against its competitor, SmartTap, captioned *GlobalTap, LLC v. SmartTap, LLC, Media Ventures Group, and William F Apfelbaum,* 2013-CV-5322 ("the SmartTap lawsuit"), alleging (1) patent infringement; (2) trade secret misappropriation under the Illinois Uniform Trade Secret Act, 765 ILCS 1065/1 et seq.; (3) breach of contract; (4) fraud; and (5) trade dress infringement. GlobalTap was represented by Paul Vickrey ("Vickrey") of the firm of Niro, Haller & Niro ("Niro Firm"). Shortly after the case was filed, GlobalTap amended its complaint and voluntarily dismissed the patent infringement claim.

    **ANSWER:**    **Admit.**

6.  Thereafter, on November 26, 2013, the Niro Firm filed a Motion to Withdraw as Counsel for GlobalTap and for Stay.

    **ANSWER:**    **Admit.**

7. The District Court granted the Niro Finn's Motion to Withdraw on December 2, 2013.

   **ANSWER:**  **Admit.**

8. In or around late November or early December 2013, GlobalTap, through its sole member, Daniel Whitman, contacted Thomas J. Nitschke of C&C seeking C&C's assistance with the difficulties GlobalTap was having with its then-counsel, the Niro Finn, which was seeking to withdraw as GlobalTap's counsel.

   **ANSWER:**  **Admit that contact was had during the timeframe set forth but deny that Paragraph 8 completely or accurately describes the nature and content of the contact.**

9. GlobalTap claimed that it possessed valid and viable claims against SmartTap, Media Ventures Group, and William F. Apfelbaum.

   **ANSWER:**  **Admit.**

10. Thereafter, and beginning in early December 2013 through and including February 3, 2014, at the specific instance and request of GlobalTap, and after clearing conflicts of interest that existed between Whitman and GlobalTap's Trustee in Bankruptcy, C&C agreed to represent GlobalTap in connection with the case captioned *GlobalTap, LLC v. SmartTap, LLC, Media Ventures Group, and William F Apfelbaum,* 2013 cv 5322 ("the SmartTap lawsuit").

    **ANSWER:**  **Admit that C&C agreed to represent GlobalTap and ultimately counsel for C&C filed an appearance for GlobalTap, but deny that Paragraph 10 completely or accurately describes the events that took place between December 2013 and February 2014.**

11. On February 4, 2014, Peter A. Cantwell ("Cantwell") and Thomas J. Nitschke ("Nitschke") of C&C filed their respective appearances in the SmartTap lawsuit.

    **ANSWER:**  **Admit.**

12. Thereafter, Nitschke was primarily responsible for the prosecution and representation of GlobalTap's interests in the SmartTap litigation and defense of the Counterclaim and Third Party Complaint filed by SmartTap against GlobalTap and its sole member, Whitman, that consisted of five or more counts arising under Section 2 of the Sherman Act and for tortious interference with economic advantage that were filed June 13, 2014.

   **ANSWER:    Denied.**

13. Pursuant to provisions of Federal Rule of Civil Procedure 26(a)(l), the parties identified relevant documents to be produced and the parties began negotiating terms of electronic discovery searches, focused in large part upon the electronic records maintained by Daniel Whitman in two laptop computers in Whitman's sole possession, which required the electronic preservation of each computer's disk drives by a third party vendor, and his laptops and true and accurate copies of each computers' electronic drives were returned to Whitman's exclusive possession and control.

   **ANSWER:    Admit that certain discovery was undertaken as alleged, but deny that Paragraph 13 completely and accurately describes the discovery undertaken.**

14. Ultimately, on November 24, 2014, the District Court granted GlobalTap additional time to produce responsive documents, and ordered GlobalTap to produce documents on a disc by December 8, 2014.

   **ANSWER:    Admit.**

15. On or about December 5, 2014, Heather L. Blaise and the Law Office of Heather Blaise, P.C. filed their appearance on behalf of GlobalTap's sole member and Third Party Defendant Daniel Whitman, in connection with the SmartTap proceedings.

   **ANSWER:    Admit.**

16. Shortly thereafter, and possibly as early as December 2014, GlobalTap, through its principal, Daniel Whitman, knew that Heather Blaise and Tom Nitschke were organizing a new entity – a law firm -with the intention of taking the SmartTap litigation to the new firm.

   **ANSWER:    Neither admit nor deny as these Third Party Defendants lack personal knowledge as to the allegations contained in Paragraph 16.**

17. On December 31, 2014, Heather L. Blaise and Thomas J. Nitschke organized the law offices of Blaise & Nitschke, P.C., and filed for record with the Illinois Secretary of State.

**ANSWER:    Admit.**

18. Nitschke left employment at C&C on January 30, 2015.

   **ANSWER:    Admit.**

19. On information and belief, upon leaving the Cantwell firm, Nitschke took with him various copies of the physical and electronic Whitman/GlobalTap files, which together with the files maintained by Whitman on his laptop computers included copies of all documents responsive to the then-pending, still outstanding discovery requests of SmartTap.

   **ANSWER:    Denied.**

20. GlobalTap failed to produce the documents, and eventually, GlobalTap's claims were dismissed as a result of Rule 37 sanctions. GlobalTap was subsequently also held in default for failing to respond to SmartTap's counterclaims.

   **ANSWER:    Admit.**

21. Thereafter, GlobalTap filed a Complaint against C&C alleging that it committed legal malpractice in its representation of GlobalTap in the SmartTap litigation.

   **ANSWER:    Admit.**

22. GlobalTap has alleged, inter alia, that C&C failed to meet certain discovery deadlines and produce certain documents in the SmartTap litigation, and as a result claims GlobalTap's suit against SmartTap was dismissed by the court. GlobalTap's Complaint is attached as Exhibit A and incorporated into this Third Party Complaint.

   **ANSWER:    Admit.**

23. Whitman and Blaise & Nitschke knew of these plans but never advised C&C until GlobalTap, through Whitman, on the afternoon of Thursday, January 29, 2015 terminated and fired Cantwell & Cantwell as its attorneys.

   **ANSWER:    Neither admit nor deny the allegations contained in Paragraph 23 as said allegations are vague as phrased as to what plans Third-Party Defendants are alleged to have known. Answering further, these Third-Party Defendants lack personal knowledge as to the activities of Mr. Whitman as alleged and neither admit nor deny them at this time.**

24. Thereafter GlobalTap, through and by Whitman, instructed C&C that attorney Nitschke would at all times be lead attorney for GlobalTap from that point (January 29, 2015) forward.

**ANSWER:** **Neither admit nor deny the allegations contained in Paragraph 24 as said allegations are vague as phrased in that it is unclear what event "thereafter" refers to.**

25. At all times relevant hereto, GlobalTap and Blaise & Nitschke were in possession, themselves of the documents to be produced in the litigation and were aware of the Court's Orders regarding their production, and failed to produce them, either Whitman on his own or through one of his attorneys from Blaise & Nitschke.

**ANSWER:** **Denied.**

26. GlobalTap's Complaint alleges that C&C had a duty to use the skill, care and knowledge of a reasonably well qualified attorney practicing in the same type of law in the same geographic area during their representation of GlobalTap in the SmartTap litigation.

**ANSWER:** **Admit.**

27. GlobalTap's Complaint generally alleges that C&C breached its duty to and caused damage to GlobalTap as follows:

    a. by failing to comply with numerous discovery orders. As a result, GlobalTap lost valuable claims that it had hoped to pursue against-- SmartTap;

    b. that but for the negligence and breach of professional duty of C&C, GlobalTap would have prevailed in its claims against SmartTap and would have recovered substantial damages and protected its intellectual property rights;

    c. that but for the negligence and breach of professional duty of C&C, GlobalTap would not have defaulted on SmartTap's counterclaims and would not have been forced to settle the SmartTap litigation and abandon certain intellectual property rights;

    d. that GlobalTap had evidence to prove each and every element of its claims against SmartTap and the other defendants, and that GlobalTap also had evidence to defend the counterclaims of SmartTap;

    e. that GlobalTap had evidence to prove its claim that (a) SmartTap misappropriated its trade secrets; (b) committed fraud and (c) breached its contract with GlobalTap, that GlobalTap had substantial evidence that it was damaged by the wrongful actions of SmartTap, and that but for the

negligence of C&C, GlobalTap would have prevailed on its claims and would have recovered substantial damages against SmartTap; and

f. that GlobalTap sustained economic damages as a result of the negligence of Defendant Cantwell Firm.

**ANSWER:** Admit that these allegations were generally made.

28. C&C has denied and continues to deny all of GlobalTap's allegations of negligence, fault, and wrongdoing. A copy of C&C's Answer and Affirmative Defenses to GlobalTap's Complaint is attached hereto and incorporated herein as Exhibit B.

**ANSWER:** Admit that C&C has made the denials alleged in the cited exhibit, but deny the remainder of Paragraph 28.

29. By January, 2015, GlobalTap, by and through its principal, Whitman, had retained Blaise & Nitschke to represent GlobalTap in the SmartTap litigation. Blaise was already representing Whitman personally in related litigation.

**ANSWER:** Admit that Blaise was representing Whitman, but deny the remaining allegations contained in Paragraph 29.

30. Nitschke left employment at C&C in December, 2014 to start a law firm with Heather Blaise, which became known as Blaise & Nitschke.

**ANSWER:** Admit that Nitschke left C&C to start a firm with Heather Blaise and admit further that the firm became known as Blaise & Nitschke. Deny that Nitschke left C&C in December 2014.

31. Upon leaving C&C, Nitschke (himself and/or with the assistance of a staff member he hired away from C&C) took with him a copy of the Whitinan/GlobalTap file, including copies of documents responsive to the pending discovery requests of SmartTap.

**ANSWER:** Denied.

32. On November 24, 2014, the district court gave GlobalTap additional time in which to produce responsive documents. The order provided in part: "GlobalTap will produce documents on a disc or otherwise by 12/8/2014...."

**ANSWER:** Admit.

33. Despite the Court's order, neither Whitman nor Blaise & Nitschke took action in December, 2014 or January, 2015 to produce GlobalTap's documents.

**ANSWER:** **Denied.**

34. Despite the Court's order, neither Whitman nor Blaise & Nitschke took action in February, 2015 or March, 2015 to produce GlobalTap's documents.

   **ANSWER:** **Denied.**

35. By failing to produce the documents, Blaise & Nitschke violated a court order and breached its professional duties to GlobalTap. Blaise & Nitschke did not file a motion to extend the deadline or take any action to protect GlobalTap from the adverse consequences of its violation of a court order.

   **ANSWER:** **Denied.**

36. On March 2, 2015, SmartTap filed a Motion for Relief Under Rule 37 of the Federal Rules of Civil Procedure For Repeated Violations of Discovery Orders by GlobalTap LLC and Daniel Whitman. In the motion SmartTap asserted that GlobalTap had not produced the responsive documents and had not completed other discovery.

   **ANSWER:** **Admit.**

37. Blaise & Nitschke did not file a response to the motion or produce the identified documents.

   **ANSWER:** **Denied.**

38. On March 5, 2015, the district court ordered: "Over several months, Defendants have sought production of documents from GlobalTap concerning its trade secret infringement claim. GlobalTap bears the burden of proof on its claims, but has to date failed to produce the documents, despite repeated and specific court orders....The only explanation proffered by Plaintiff at a hearing on this motion was that counsel has had difficulty communicating with other lawyers who have filed appearances for Plaintiff. Nothing about these difficulties justifies the expense and burden imposed on the Defendants. Defendants SmartTap LLC's and Media Ventures Group LLC's motion for relief under Rule 37 of the Federal Rules of Civil Procedure is granted. As Plaintiff, which has the burden of proof on its claims, will be barred from producing evidence in support of those claims, Plaintiff s claims are dismissed." SmartTap Litigation Document 165.

   **ANSWER:** **Admit.**

39. By failing to comply with numerous court orders and produce documents, Blaise & Nitschke breached its professional duties to GlobalTap. As a result of the breach of duty

of Blaise & Nitschke, GlobalTap lost its ability to pursue what GlobalTap has alleged were "valuable" claims and economic damages against SmartTap.

**ANSWER:** **Denied.**

40. SmartTap filed counterclaims against GlobalTap.

**ANSWER:** **Admit.**

41. GlobalTap's answer to those claims was due on March 10, 2015.

**ANSWER:** **Admit.**

42. Blaise & Nitschke failed to answer the counterclaims.

**ANSWER:** **Denied.**

43. On March 24, 2015, the district court held that GlobalTap was in default.

**ANSWER:** **Admit.**

44. Blaise & Nitschke breached its professional duties to GlobalTap by failing to answer the counterclaims of SmartTap. As a result of this breach, GlobalTap claims it lost its ability to defend the counterclaims of SmartTap and claims it was forced to settle allegedly "valuable" claims GlobalTap had against SmartTap and abandon certain intellectual property rights.

**ANSWER:** **Denied.**

45. Blaise & Nitschke were experienced federal practitioners who knew, or at least should have known, that they had a professional duty to produce documents to support the claims of GlobalTap. Blaise & Nitschke had a professional duty to gather all responsive and attempt to prevent entry of the Order that ultimately was entered by the court barring GlobalTap's claims.

**ANSWER:** **Third-Party Defendants admit that "Blaise & Nitschke were experienced federal practitioners" as alleged but deny the remaining allegations contained in Paragraph 45.**

46. By forming an attorney-client relationship with Whitman and/or GlobalTap, Blaise & Nitschke owed a fiduciary duty to GlobalTap to represent GlobalTap competently.

> **ANSWER:** **Third-Party Defendants admit only that duty imposed under law and deny that Paragraph 46 accurately sets forth either Third-Party Defendant's duties or the factual predicates to those duties.**

47. Heather L. Blaise, Thomas J. Nitschke, and Blaise & Nitschke, at all relevant times hereto, had appearances on file as attorneys of record for GlobalTap LLC and breached the standard of care and their duty to GlobalTap by failing to:
    a. properly conduct discovery;
    b. submit certain discovery documents to the court;
    c. submit certain pleadings and motions to the court; and
    d. ask the court to reconsider its ruling against GlobalTap.

> **ANSWER:** **Third-Party Defendants deny each and every allegation contained in Paragraph 47, inclusive of sub-parts a-d.**

48. GlobalTap's Complaint alleges that C&C's acts and/or omissions proximately caused GlobalTap harm as more specifically outlined in Paragraph 18, supra.

> **ANSWER:** **Admit.**

49. C&C asserts that GlobalTap's injuries, if any, were proximately caused by Heather L. Blaise, Thomas J. Nitschke, and Blaise & Nitschke's acts and/or omissions, as outlined above.

> **ANSWER:** **Denied.**

50. The errors and omissions of Heather L Blaise, Thomas J. Nitschke, and Blaise & Nitschke, P.C. were completely independent of and not affected in any way by C&C, as Heather L. Blaise, Thomas J. Nitschke, and Blaise & Nitschke, P.C. failed to produce the documents on behalf of GlobalTap or otherwise cause GlobalTap to make the necessary production, when Blaise & Nitschke and GlobalTap had the means to do so, that extinguishes any potential liability of C&C to GlobalTap.

> **ANSWER:** **Denied.**

51. C&C has the right to contribution from Heather L. Blaise, Thomas J. Nitschke, and Blaise & Nitschke, P.C., if C&C is found liable to GlobalTap and is forced to pay a judgment to GlobalTap.

> **ANSWER:** **Denied.**

## AFFIRMATIVE DEFENSE

1. At all times relevant to this lawsuit, *Global Tap, LLC v. SmartTap, LLC, et al,* was pending in the Northern District of Illinois under Court No. 2013 CV 5322 ("the SmartTap lawsuit").

2. On February 3, 2014, the Honorable Scott Dales, of the United States Bankruptcy Court for the Western District of Michigan, Southern Division, ordered that: "Daniel Whitman will manage GlobalTap, LLC, other than with regard to the lawsuits on a day to day basis in all aspects."

3. On February 3, 2014, the Honorable Scott Dales, of the United States Bankruptcy Court for the Western District of Michigan, Southern Division, further ordered that: "Cantwell & Cantwell will manage [the SmartTap lawsuit]. Cantwell& Cantwell will make the final decision in any dispute over litigation and trial tactics."

4. Between February 3, 2014, and March 2015, Cantwell & Cantwell never sought to vacate or modify the order of the Honorable Scott Dales, of the United States Bankruptcy Court for the Western District of Michigan, Southern Division, providing that Cantwell & Cantwell will manage the SmartTap lawsuit and make final decision on any dispute over litigation and trial tactics.

5. Mr. Peter A. Cantwell, of Cantwell & Cantwell, filed an appearance for GlobalTap in the SmartTap lawsuit on February 4, 2014.

6. Mr. Peter A. Cantwell's appearance in the SmartTap lawsuit indicates that he was appearing as "lead counsel."

7. No other attorney filed an appearance as lead counsel for GlobalTap in the Smart Tap lawsuit from February 4, 2014, through March 11, 2015.

8. Mr. Peter A. Cantwell did not seek to withdraw as counsel for GlobalTap in the SmartTap lawsuit until March 10, 2015.

9. Mr. Peter A. Cantwell's motion to withdraw as counsel for GlobalTap in the SmartTap lawsuit was granted on March 11, 2015.

10. From at least February 4, 2014, until January 30, 2015, Mr. Thomas Nitschke was an employee of Cantwell & Cantwell.

11. During Mr. Thomas Nitschke's employment with Cantwell & Cantwell, Mr. Peter A. Cantwell was Mr. Nitschke's boss.

12. Mr. Thomas Nitschke left his employment with Cantwell & Cantwell on January 30, 2015.

13. Ms. Heather Blaise was never an employee of Cantwell & Cantwell.

14. Ms. Heather Blaise never appeared on behalf of GlobalTap in the SmartTap lawsuit.

15. Blaise & Nitschke never appeared on behalf of GlobalTap in the SmartTap lawsuit.

16. After GlobalTap failed to answer discovery in the SmartTap lawsuit as ordered by December 8, 2014, SmartTap filed a motion for relief under Rule 37 on March 2, 2015.

17. At no time between December 8, 2014, and the time the motion for relief under Rule 37 was filed in the SmartTap lawsuit did Mr. Peter A. Cantwell move to amend, extend, modify, vacate, or otherwise alter the court's order with respect to discovery responses being due on December 8, 2014.

18. Mr. Peter A. Cantwell did not respond to the motion for relief under Rule 37.

19. SmartTap's motion for relief under Rule 37 was heard on March 5, 2015.

20. Mr. Cantwell did not appear at the March 5, 2015, hearing.

21. Neither Mr. Cantwell nor the attorney he sent to cover the March 5, 2015, hearing responded to the motion for relief under Rule 37.

22. The Cantwell & Cantwell lawyer who appeared at the March 5 hearing referred to himself as a "placeholder" for Mr. Cantwell who was absent.

23. The Cantwell & Cantwell lawyer who appeared at the March 5 hearing claimed for his response to the motion for relief under Rule 37, that he would defer to his "co-counsel" Heather Blaise to which the Court stated, "You are not co-counsel. You represent a different party." Counsel did not correct or otherwise challenge the Court's statement.

24. At the March 5, hearing, the Court stated, "What I am hearing is that GlobalTap is not able to respond to [SmartTap's] motion, which was filed days ago." Counsel did not correct or otherwise challenge the Court's statement.

25. GlobalTap had not retained Blaise & Nitschke as of March 5, 2015.

26. At the March 5, 2015, hearing, Judge Pallmeyer would not allow Mr. Nitschke to present any response to the pending motion for relief under Rule 37. Specifically, Judge Pallmeyer stated, "I can't hear from Mr. Nitschke, I am sorry. I need to be – I need to be careful about the rules – the representation rules in this case."

27. The failure to timely answer discovery resulted in dismissal of GlobalTap's claims against SmartTap on March 5, 2015.

28. Third-Party Defendant, Heather Blaise, represented Daniel Whitman individually in the SmartTap lawsuit. *See* Exhibit 7.

29. Heather Blaise never filed an appearance for any other party in the SmartTap lawsuit.

30. Blaise & Nitschke never filed an appearance for any party in the SmartTap lawsuit.

31. On March 11, 2015, the Honorable Rebecca Pallmeyer Granted Thomas Nitschke's Motion to Withdraw as counsel for GlobalTap, LLC, *nunc pro tunc* to February 1, 2015.

32. Cantwell & Cantwell did not respond to SmartTap's counterclaim against GlobalTap by the March 10, 2015 resulting in the entry of a default judgment on March 24, 2015.

33. At the court hearing on March 24, 2015, the Court stated:

> Well, GlobalTap was represented by Mr. Cantwell at the time the answer to the Counterclaim was due. He chose not to file an Answer and instead withdrew. He has authority from the bankruptcy court to represent GlobalTap, and apparently nobody else really does. I think that means GlobalTap is in default.

34. By virtue of the foregoing facts, the sole proximate cause of Plaintiff's alleged damages was the careless and negligent conduct of the Defendant, Mr. Peter A. Cantwell of Cantwell & Cantwell.

WHEREFORE, Third-Party Defendants pray that this Honorable court enter judgment in favor of Third-Party Defendants and against the Third-Party Plaintiff and for any further relief that the Court deems fair and just.

**THIRD-PARTY DEFENDANTS DEMAND TRIAL BY JURY**

Respectfully submitted,


ANDERSON LAW OFFICES, PC


  s/Scott L. Anderson
Scott L. Anderson, attorneys for Third-Party
Defendants


Scott L. Anderson (IL Bar 6269332)
ANDERSON LAW OFFICES, P.C.
5711 North Lincoln Avenue
Chicago, Illinois 60659
(773) 728-3388